**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

**IMARI ABUBAKARI OBADELE, 3,**

Petitioner,

v.

**DAVID R. CRIST, Warden,**

Respondent.

---

Civil No. 00-290 (DSD/JGL)

**ORDER**

Imari Abubakari Obadele, 3, pro se.

Darrell C. Hill, Esq., Ramsey County Attorney, for Respondent.

---

The above-entitled matter is before the undersigned Magistrate Judge of District Court on Petitioner's Motion for Appointment of Counsel (Doc. No. 12), Motion for Leave to File an Amended Traverse (Doc. No. 16), and Motion for Substitution of Respondent (Doc. No. 18). Petitioner, a State of Minnesota prisoner, has filed this lawsuit for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has been granted permission to proceed in forma pauperis in this matter. This case has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.

FILED JAN 25 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

## I. Petitioner's Motion for Appointment of Counsel

The Sixth Amendment right to counsel does not apply to habeas corpus proceedings. See Pennsylvania v. Finley, 481 U.S. 551, 555-56 (1987). A state prisoner, nonetheless, is constitutionally entitled to some form of legal assistance, such as access to adequate law libraries or the aid of persons trained in the law, in preparing his habeas corpus petition. See Bounds v. Smith, 430 U.S. 817, 821-28 (1977) (plurality opinion). In Bounds, the Supreme Court held that a state must give state prisoners a "reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts" by providing some form of legal assistance. Id. at 825. However, an indigent litigant must show that some impediment, such as the absence of a library, hindered his efforts to proceed with his claim. See Sabers v. Delano, 100 F.3d 82.84 (8th Cir. 1996). Petitioner has made no such showing.

Furthermore, the court must appoint counsel for an indigent petitioner when an evidentiary hearing is required. See Abdullah v. Norris, 18 F.3d 571, 573-74 (8th Cir. 1994) (appointment of counsel not required when trial court did not schedule evidentiary hearing and petitioner did not satisfy stringent standards for obtaining hearing). Thus, a court has broad discretion, and may appoint counsel at any stage of the habeas proceeding when the interests of justice so require. See 18 U.S.C. § 3006A(a)(2)(B); Nachtigall v. Class, 48 F.3d 1076, 1082

(8th Cir. 1995) (district court did not abuse discretion in denying petitioner appointed counsel in habeas proceeding when petition not factually or legally complex and petitioner capable of investigating facts and presenting claims). The court has broad discretion to decide whether both the petitioner and the court will benefit from the appointment of counsel, considering the complexity of factual and legal issues, the presence or absence of conflicting testimony, and the petitioner's ability to investigate the facts and present his claim. See Swope v. Cameron, 73 F.3d 850, 852 (8th Cir. 1996); Johnson v. Williams, 788 F.2d 1319, 1322-23 (8th Cir. 1986).

In the present case, the Court finds that neither the facts nor the legal issues contemplated in this case are so complex as to necessitate appointment of counsel for Petitioner Obadele. It appears to the Court that the Petitioner has the threshold ability to state his claims and argue his positions despite his professed lack of education. The Court therefore concludes that Petitioner is capable of self-representation in this matter. Furthermore, the Court concludes that appointment of counsel to Petitioner would not substantially benefit the Court or Petitioner. Accordingly, Petitioner's motion for appointment of counsel is denied.

## II. Petitioner's Motion for Substitution of Respondent

Petitioner was incarcerated in the Minnesota Correctional Facility – Stillwater when this action began. Thus, David R. Crist was

the named respondent in this matter, as he is the Warden at the Stillwater facility. However, Petitioner recently was transferred to the Minnesota Correctional Facility – Faribault, where Connie Roehrich is the Warden. Petitioner therefore brings a motion seeking to substitute Warden Roehrich for Warden Crist as Respondent. If the Court issued a writ of habeas corpus on Petitioner's behalf it would be served on Warden Roehrich, Petitioner's current custodian. Therefore, Petitioner's motion is granted, and the Clerk of Court shall make the appropriate substitution.

## III. Petitioner's Motion to Amend the Traverse

Petitioner obtained subpoenas and requested documents from Respondent, which he received in recent months. Petitioner now seeks to amend the Traverse in order to attach two of the documents he received in response to his subpoenas.

Federal Rule of Civil Procedure 15(a) governs a party's right to amend its pleadings; leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Courts have taken a liberal position for leave to amend, and such motions should usually be granted absent good reason for a denial. See Thompson-El v. Jones, 876 F.2d 66, 67 (8th Cir. 1989). Good reasons for rejecting a proposed amendment are "undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of amendment..." Id. (citing Foman v. Davis,

371 U.S. 178, 182 (1962)). Inclusion of a claim or defense based on facts already known or available to both parties ordinarily does not prejudice the non-movant. See Buder v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 644 F.2d 690, 694 (8th Cir. 1981) (citation omitted). Finally, a party's motion to amend should be denied only if it asserts "clearly frivolous claims or defenses." Gamma-10 Plastics, Inc. v. American President Lines, Ltd., 32 F.3d 1244, 1255 (8th Cir. 1994) (quoting Buder, 644 F.2d at 695).

Petitioner has not unduly delayed, shown bad faith or dilatory motive, or previously amended the Traverse. Furthermore, the Court finds that Respondent will not be prejudiced by Petitioner's proposed amendments. See Thompson-El v. Jones, 876 F.2d at 67. An amendment should be denied only if it asserts "clearly frivolous claims or defenses." Gamma-10 Plastics, Inc., 32 F.3d at 1255. Petitioner's amendments do not contain clearly frivolous claims. Therefore, under the liberal standard of Fed. R. Civ. P. 15(a), the Court will allow Petitioner to amend the Traverse, and the Court will consider the Amended Traverse filed with the Clerk on November 13, 2000.

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

(1) Petitioner's Motion for Appointment of Counsel (Doc. No. 12) is **DENIED;**

(2) Petitioner's Motion for Leave to File an Amended Traverse (Doc. No. 16) is **GRANTED;** and

(3) Petitioner's Motion for Substitution of Respondent (Doc. No. 18) is **GRANTED.** The Clerk of Courts shall substitute Warden Connie Roehrich for Warden David Crist as the Respondent in this matter.

Dated: January 24, 2001

JONATHAN LEBEDOFF
United States Magistrate Judge