**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**IMARI ABUBAKARI OBADELE, 3,**

Petitioner,

v.

**CONNIE ROEHRICH, Warden,**

Respondent.

Civil No. 00-290 (DSD/JGL)

**REPORT AND RECOMMENDATION**

Imari Abubakari Obadele, 3, pro se.

Darrell C. Hill, Esq., Ramsey County Attorney, for Respondent.

JONATHAN LEBEDOFF, United States Magistrate Judge

The above-entitled matter is before the undersigned Magistrate Judge of District Court on Mr. Obadele's Petition for Writ of Habeas Corpus (Doc. No. 1) and on Respondent's Response to Pro Se Petition for Habeas Corpus Relief by State Prisoner (Doc. No. 8), which contains Respondent's request to dismiss the Petition with prejudice. Petitioner, a State of Minnesota prisoner, has filed this Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has been granted permission to proceed in forma pauperis in this matter. The matter has been referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.

FILED 2-7-01
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

For the reasons set forth below, the Court recommends that Mr. Obadele's Petition for writ of habeas corpus be denied, that Respondent's motion to dismiss be granted, and that the petition be dismissed with prejudice.

## I. BACKGROUND

Petitioner is a state inmate incarcerated at the Minnesota Correctional Facility in Faribault, Minnesota, after being convicted of attempted murder in the first degree, kidnapping, attempted murder in the second degree, and assault in the first degree. Petitioner was sentenced on December 20, 1994, to consecutive sentences of 200 months for his conviction of attempted murder in the first degree and 86 months for his conviction of kidnapping. (Resp. App. A at 373-75.) Petitioner, who was then represented by counsel, appealed his conviction, based solely upon the admission of photographs of the victim's injuries, and his sentence to the Minnesota Court of Appeals, which affirmed his conviction and remanded the matter for re-sentencing. Petitioner was re-sentenced on November 12, 1996, receiving a sentence of 200 months for his conviction of attempted murder in the first degree. (Resp. App. A at 422.)

Petitioner subsequently filed a petition for post-conviction relief alleging claims of ineffective assistance of counsel and perjured testimony, which the state district court denied. The Minnesota Court of Appeals and the Minnesota Supreme Court affirmed the district court's

decision. (Resp. App. B at 78-80.) Petitioner filed a second petition for post-conviction relief again alleging perjured testimony, which the district court also denied. The Minnesota Court of Appeals again affirmed the district court's decision. (Resp. App. B at 90-94.)

## II. DISCUSSION

Petitioner asks this Court for a Writ of Habeas Corpus, ordering the State to grant him a new trial because his conviction was obtained by the use of false statements to law enforcement and perjured testimony by his co-defendant, Jaheed Abdul-Malik, formerly known as Jerome Little. Petitioner has procured an affidavit in which Mr. Abdul-Malik swears under oath that his statements were false. (Pet. Response to February 10, 2000 Order App. A at 2.) Mr. Abdul-Malik's statement provides in relevant part:

> During Mr. Obadele's trial I had testified that: Mr. Obadele had chased Ms. Washington and brought her back to the car, had hit Ms. Washington in the head withaa [sic] socket wrench, had threatened to kill Ms. Washington and throw her into a lake, had run Ms. Washington over several more times after I had, as well as other accusations. These accusations are false in their nature and did not occur.

(Id.)

Petitioner argues that he should be granted a new trial because Mr. Abdul-Malik has sworn that the statements he made at trial were false. Mr. Abdul-Malik's testimony at Petitioner's trial was that he drove Petitioner's car for him, and that Petitioner hit the victim in the

head with a wrench while they were driving. (Resp. App. A at 259.) Mr. Abdul-Malik testified that the victim ran out of the car, Petitioner chased her, and Mr. Abdul-Malik hit her with the car. (Id. at 262.) He further testified that he got in the passenger side, Petitioner got in the driver's side, and they drove away from the scene. (Id. at 265.) When the prosecutor confronted him at trial with his prior statements made to law enforcement, Mr. Abdul-Malik testified that his prior statement – that Petitioner ran the victim over with the car – was false. (Id. at 270.)

Respondent asserts that Mr. Abdul-Malik's affidavit and alleged false testimony are irrelevant because Petitioner Obadele's Petition for a Writ of Habeas Corpus is barred by procedural default. Respondent further argues that the Petition is barred by the statute of limitations contained in 28 U.S.C. § 2244(d)(1)(A), and that the petition is without merit, and as such must be denied. The Court will address Respondent's arguments in that order.

**A. Procedural Bar**

Respondent first claims that Petitioner failed to raise the claim of false testimony on direct appeal in state court, and therefore waived his right to raise the issue in state court. See King v. Minnesota, 562 N.W.2d 791, 795 (Minn. 1997). A federal court may consider only "those claims which the petitioner has presented to the state court in accordance with state procedural rules." Abdullah v. Groose, 75 F.3d 408, 411 (8th Cir. 1996) (citations omitted). Thus, this Court must first

determine whether Petitioner has fairly presented his federal constitutional claims to the state court. See Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per curium).

**1. State Court Proceedings**

It is undisputed that Petitioner Obadele failed to raise his perjured testimony claim on direct appeal, in which Petitioner challenged his convictions and sentences. The Minnesota Court of Appeals affirmed Petitioner's convictions in an unpublished opinion, State v. Roberts, No. CX-95-818 (Minn. Ct. App. Mar. 12, 1996), but remanded for re-sentencing after determining the district court erred in imposing consecutive sentences. Petitioner then filed a pro se petition for post-conviction relief in which he raised for the first time allegations of perjury by a state's witness and ineffective assistance of counsel. The court of appeals affirmed the district court's denial of the petition, holding that Petitioner waived the issue by not addressing it in his direct appeal. See Roberts v. State, No. C8-97-871 (Minn. Ct. App. Nov. 25, 1997).

Petitioner filed a second petition for post-conviction relief, again alleging perjured testimony. He argued that the signed affidavit from Jaheed Abdul-Malik, a prosecution witness, was newly-discovered evidence. The Minnesota Court of Appeals held in an unpublished opinion that Petitioner's claim regarding perjury by a state's witness was procedurally barred. See Obadele v. State, No. C4-99-693 (Minn. Ct. App. Sept. 21, 1999). While Minnesota law provides for discretionary

review of post-conviction claims where the interests of justice require, see Hale v. State, 566 N.W.2d 923, 926 (Minn. 1997), this limited exception applies only as long as "the petitioner did not 'deliberately and inexcusably' fail to raise the issue on direct appeal." Roby v. State, 531 N.W.2d 482, 484 (Minn. 1995) (citations omitted). The court of appeals held that the affidavit did not constitute newly discovered evidence, since Petitioner knew of the alleged perjury at the time of his direct appeal and his first petition for post-conviction relief. Thus, the limited exception did not apply, and his claim was procedurally barred. See Obadele v. State, No. C4-99-693 (Minn. Ct. App. Sept. 21, 1999). Petitioner failed to appeal to the Minnesota Supreme Court within the time provided in Minn. R. Crim. P. 29.04, and therefore the decision of the court of appeals became the final resolution in state court.

The state courts would not accord the petitioner a hearing on the merits, because Minnesota law provides that once the petitioner has made his direct appeal, "all matters raised therein, and all claims known but not raised, will not be considered upon a subsequent petition for postconviction relief." State v. Knaffla, 243 N.W.2d 737, 741 (Minn. 1976). Petitioner admits that he knew of the alleged perjury at the time of trial, and so informed his attorney. Thus, Petitioner has defaulted on these claims because he failed to pursue them on direct appeal. See McCall, 114 F.3d at 757; Knaffla, 243 N.W.2d at 741.

**2. Exceptions to Procedural Bar**

Petitioner failed to raise his claim of perjured testimony on direct appeal, and has thus waived his right to raise the issue in the state courts. Accordingly, Petitioner has waived his right to raise the issue in his federal habeas petition unless he can demonstrate either cause for his default and actual prejudice, or that a miscarriage of justice will occur if the merits of his petition are not reviewed. See McCall v. Benson, 114 F.3d 754, 757 (8th Cir. 1997) (citations omitted).

In order for this Court to review Petitioner's claims on their merits despite Petitioner's default, Petitioner must be able to demonstrate either cause for his default and actual prejudice, or that the failure to consider his claims would result in a fundamental miscarriage of justice. See Coleman v. Thompson, 501 U.S. 722, 750 (1991). Petitioner has shown neither.

First, Petitioner has not shown cause for his default and actual prejudice if this Court does not review the merits of his petition. Petitioner submits that he did not raise the issue on direct appeal because he lacked a sworn statement by his accomplice recanting the testimony. A habeas petitioner can establish cause for a procedural default if his claim is "so novel that its legal basis is not reasonably available to counsel." Reed v. Ross, 468 U.S. 1, 16 (1984). The issue of perjury is not so novel that its legal basis was not reasonably available at the time of direct appeal. See id.; Russell v. State, 562 N.W.2d 670, 672

(Minn. 1997) (citations omitted). Furthermore, Petitioner admits he knew of the alleged perjury at the time of trial, and made the legal basis available to his attorney. Thus, Petitioner has not demonstrated cause for his default, and the Court need not consider whether Petitioner has demonstrated actual prejudice. See Leggins v. Lockhart, 822 F.2d 764, 768 (8th Cir. 1987) (citation omitted).

Second, Petitioner has not shown that a miscarriage of justice will occur if this Court does not reach the merits of his claim. This exception is available only to a petitioner who demonstrates that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." Brownlow v. Groose, 66 F.3d 997, 999 (8th Cir. 1995) (citations omitted), cert. denied, 516 U.S. 1161 (1996). Petitioner has not shown that he was actually innocent of kidnapping and attempted murder. Even if this exception were available to Petitioner, the witness testimony in question is that of Petitioner's accomplice. The victim herself testified at Petitioner's trial that Petitioner was the individual who committed the crimes. Therefore, Petitioner has failed to demonstrate that the alleged perjury resulted in his conviction even though he was actually innocent, and the miscarriage of justice exception is not available to Petitioner.

Hence, the Court finds that Petitioner's claim is procedurally barred, and none of the relevant exceptions is available to Petitioner. Petitioner's habeas petition should be denied on procedural grounds.

The Court, therefore, does not reach the remainder of Respondent's arguments, nor the merits of Petitioner's claims.

Based upon all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED**:

(1) Petitioner Obadele's Petition for Writ of Habeas Corpus (Doc. No. 1) should be **DENIED;** and

(2) Respondent's Response to Pro Se Petition for Habeas Corpus Relief by State Prisoner (Doc. No. 8), containing Respondent's request to dismiss the Petition with prejudice should be **GRANTED.**

Dated: February 6, 2001

JONATHAN LEBEDOFF
United States Magistrate Judge

Under D. Minn. LR 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court and serving all parties by February 26, 2001, a writing which specifically identifies those portions of this Report to which objections are being made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made.