UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No.00-290(DSD/JGL)

Imari Abubakari Obadele,

Petitioner,

v. **ORDER**

Connie Roehrich, Warden,

Respondent.

This matter is before the court on plaintiff's objection to the magistrate judge's report and recommendation dated February 6, 2001. In his report, the magistrate judge recommended that the petition for habeas corpus be denied with prejudice. Plaintiff objects to the recommendation. However, the magistrate judge carefully discussed the reasons why petitioner is not entitled to the issuance of a writ of habeas corpus. In particular, the court concurs with the magistrate judge's determination that there is an abundant legal basis to support the conclusion that petitioner is procedurally barred from raising a claim of perjured testimony at this stage when he failed to raise this claim on direct appeal. See McCall v. Benson, 114 F.3d 754, 757 (8th Cir. 1997). Here, since petitioner fails to demonstrate either cause for his default and actual prejudice, or that the failure to consider his claim would result in a fundamental miscarriage of justice, his claim

FILED 3-12-01
FRANCIS E. DOSAL, CLERK
Judgment Ent'd. 3-12-01
Deputy Clerk's Initials

must be dismissed. See Coleman v. Thompson, 501 U.S. 722, 750 (1991). Furthermore, the court adopts the magistrate judge's conclusion that none of the recognized exceptions for a claim that is procedurally barred are applicable under the particular circumstances of this case.

Thus, after conducting a de novo review of the file and record, the court adopts the magistrate judge's report and recommendation in its entirety. Accordingly, **IT IS HEREBY ORDERED** that petitioner's petition for habeas corpus relief is denied with prejudice.

Dated: March 12, 2001

David S. Doty, Judge
United States District Court

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

C:\FORMS\APPEALNO.CIV
Rev. August 11, 1995